**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

ROBERT SAWALL, for himself and on
behalf of those similarly situated,

          Plaintiffs,                     CASE NO.:

vs.

NAT'L RETAIL MERCHANDISING, LLC,
A/K/A NATIONAL RETAIL
MERCHANDISING, LLC, D/B/A
ATLANTIC COAST MERCHANDISING,
and CHRISTOPHER M. DESANTIS,
Individually,

          Defendants.

_____/

**VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, ROBERT SAWALL ("Plaintiff"), for himself and on behalf of those similarly situated, hereby files this Verified Complaint against Defendants, NAT'L RETAIL MERCHANDISING, LLC, A/K/A NATIONAL RETAIL MERCHANDISING, LLC, D/B/A ATLANTIC COAST MERCHANDISING ("NRM"), and CHRISTOPHER M. DESANTIS ("DESANTIS"), individually, (collectively "Defendants"), and states as follows:

**INTRODUCTION**

1.      This is an action for failure to pay overtime wages pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2.      Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

1

3.      Defendants have violated the FLSA by misclassifying Plaintiff and others similarly situated as "independent contractors" and refusing to pay them time and one-half of their regular rate for overtime hours worked.

4.      At all times material to this action, Plaintiff ROBERT SAWALL was a resident of Essex County, Massachusetts.

5.      At all times material hereto, Defendant NRM was, and continues to be, a Florida Limited Liability Company, which regularly conducts business in Martin County and throughout the United States.

6.      At all times material hereto, Defendant DESANTIS maintained, and continues to maintain a residence in Martin County, Florida, at 1540 SW ST. Andrews Dr., Palm City, FL 34990.

7.      At all times material hereto, DESANTIS owned and operated NRM.

8.      At all times material hereto, DESANTIS was the president and CEO of NRM.

9.      Upon information and belief, at all times material hereto, DESANTIS regularly held and exercised the authority to hire and fire employees of NRM.

10.      Upon information and belief, at all times material hereto, DESANTIS regularly held and exercised the authority to determine the work schedules for the employees of NRM.

11.      Upon information and belief, at all times material hereto, DESANTIS regularly held and exercised the authority to control the finances and operations of NRM.

12.      Upon information and belief, at all times material hereto, DESANTIS maintained operational control over NRM, including, but not limited to, control over pay for Plaintiff and other assemblers.

13.     Upon information and belief, by virtue of having regularly held and exercised the authority to: (a) hire and fire employees of NRM; (b) determine the work schedules for the employees of NRM; and (c) control the finances and operations of NRM, DESANTIS is an employer as defined by 29 U.S.C. 201 *et. seq.*

14.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

15.     At all times material hereto, Plaintiff SAWALL, a full-time assembler, whose work was directly essential to the business in which Defendants were engaged, was misclassified as an "independent contractor" by Defendants.

16.     At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of the FLSA.

17.     At all times material to this action, NRM was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commerce by any person" within the meaning of the FLSA.

18.     Based upon information and belief, the annual gross revenue of NRM was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

19.     Defendants had two or more employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce, such as hand tools, telephones, office supplies, and computers.

20.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

21.     This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 as they arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

22.     Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in Martin County, Florida.

23.     Defendant NRM is a Florida Limited Company, registered to do business in Florida.  Defendant has done business in Florida since at least 2016.

24.     Defendants operate a retail merchandising and assembling company, placing personnel in retail stores to do merchandising and assembling.

25.     Plaintiff, ROBERT SAWALL was hired on or around April 4, 2019, to work for Defendants as an assembler.

26.     Defendants misclassified Plaintiff as an independent contractor throughout the time that Plaintiff worked for Defendants.

27.     As a piece-rate paid assembler, Plaintiff SAWALL'S job duties included assembling products for large retailers, including but not limited to, The Home Depot, who contracted with Defendants to supply employees to provide assembling services.

28.     Plaintiff did not have the ability to negotiate his rate(s) of pay.

29.     Plaintiff did not negotiate his rate(s) of pay, rather Plaintiff's rate(s) of pay was pre-set by Defendants.

30.     Defendants set Plaintiff's schedules, and dictated to Plaintiff the hours that he had to be at work.  These hours almost always exceeded forty hours per week for Plaintiff.

31.     In fact, Plaintiff usually worked at least sixty hours per week for Defendants.

32.     Plaintiff was expected to follow a dress code.

33.     Plaintiff was subject to discipline for failing to follow NRM's rules.

34.     Plaintiff was not incorporated, and Defendant NRM sent him paychecks in his own name.

35.     Plaintiff was not independently in the business of performing work of the type Defendant employed him to perform.

36.     Plaintiff's paychecks were based on hours submitted to Defendant through Defendant's own system.  Plaintiff did not create invoices to bill Defendant for his services.

37.     Plaintiff did not generate any of his own work, rather, he received all of his assignments from Defendants.

38.     Plaintiff's opportunity for profit or loss did not depend on entrepreneurial skills.

39.     Defendant provided Plaintiff with training for his work for Defendant.

40.     Defendant provided materials such as water, tents, folding tables, and recycling bins, and also provided tools at the outset of his employment.

41.     Defendants required that Plaintiff purchase the tools it provided, improperly passing their own business costs onto Plaintiff, and interfering with the free and clear receipt of his overtime.

42.     Defendants provided insurance for Plaintiff's work.

43.     Plaintiff signed for Defendant's employee handbook.

44.     The work Plaintiff did was essential and integral to Defendants' business, in that Defendant entered into contracts which were reliant on the work of individuals like Plaintiff, and others similarly situated.

45.     Defendants also employed W-2 employees performing the exact same work as Plaintiff.

46.     Plaintiff SAWALL worked for Defendants for from April 4, 2019, to September 17, 2019.

47.     Defendants set rules and guidelines governing Plaintiff's employment, including but not limited to, hours of work, Plaintiff's rates of pay, and when Plaintiff could take time off.

48.     Plaintiff did not have the ability to alter or change the term of his employment.

49.     Plaintiff was economically dependent upon Defendants for his livelihood, earning 100% of his income from Defendants throughout his employment.

50.     Defendants knew or should have known that Plaintiff was economically dependent on Defendants and not in business for himself, as he routinely worked over 40 hours per week for Defendants.

51.     In fact, when Plaintiff complained, Defendant NRM told Plaintiff SAWALL that because he was being paid by piece, he did not get overtime.

52.     Defendants failed to compensate Plaintiff at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

53.     This failure to pay proper overtime was due to four policies applicable to Plaintiff and those similarly situated: 1) Plaintiff and all fellow assemblers were misclassified as independent contractors; 2) Plaintiff and all other full-time assemblers who were so misclassified were not paid any overtime premiums for hours over forty; 3) Defendants automatically deducted thirty minutes in each shift for a meal, even when assemblers did not actually get a meal period; and 4) Defendants required Plaintiff and his fellow assemblers to purchase tools, passing off a business cost of Defendants onto Plaintiff and those similarly situated.

54.     Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA, in weeks in which he performed work for Defendants.

55.     Defendants are in possession of the majority of the records reflecting the amounts paid and the actual hours worked by Plaintiff.

56.     The additional persons who may become opt-in plaintiffs in this action also "worked" for Defendants as assemblers, were also subject to a common policies of: 1) misclassification as independent contractors; 2) payment of the regular rate for overtime hours; 3) the automatic deduction of meal periods even when same were not taken; and 4) the requirement to purchase tools to do the work assigned by Defendants,  and were denied proper overtime compensation for overtime hours due to these policies.

57.     Defendants have violated Title 29 U.S.C. §207 from at least April 4, 2019, to September, 2019, in that:

> a.     Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants; and

> b.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA due to the policies and practices described above.

58.     Upon information and belief, Defendants did not rely upon any Department of Labor Wage and Hour Opinions in creating Plaintiff's and other similarly situated assemblers' pay structure.

59.     Defendants knew or should have known with reasonable diligence that its conduct violated the Fair Labor Standards Act or was in reckless disregard for its provisions. As such, Defendants' violation of the law was willful.

60.     Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

61.     Plaintiff reincorporates and adopts the allegations in paragraphs 1-60 above.

62.     Plaintiff was Defendants' employee.

63.     Upon information and belief, Plaintiff's fellow misclassified assemblers were also employees.

64.     Defendants were Plaintiff's employers as defined by the FLSA.

65.     Upon information and belief, Defendants were the employers of Plaintiff's fellow misclassified assemblers.

66.     Defendant NRM is a covered enterprise as defined by the FLSA.

67.     Plaintiff, and those similarly situated, regularly worked in excess of forty (40) hours per week for Defendants.

68.     Plaintiff, and those similarly situated, are entitled to one and one half times their regular rate for all hours worked over forty (40) in each week during which they worked as assemblers for Defendants.

69.     Defendants failed to pay Plaintiff, and those similarly situated, time and one half their regular rate for all hours worked in excess of forty (40) in each week.

70.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff, and those similarly

8

situated, at the statutory rate of one and one-half times their regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

71.     Plaintiff and those similarly situated, suffered harm and continue to suffer harm in the form of unpaid wages as a result of Defendants' violations of the FLSA.

72.     Plaintiff and those similarly situated, are owed additional compensation in the form of unpaid overtime wages and liquidated damages.

73.     Plaintiff and the putative collective are entitled to recover their reasonable attorneys' fees and costs pursuant to Section 216(b) of the FLSA.

WHEREFORE, Plaintiff, for himself and on behalf of those similarly situated, respectfully requests conditional certification; pursuant to Section 216(b) of the FLSA, of employees who worked for Defendants as assemblers and were classified as independent contractors in the three years preceding the filing of the Complaint, an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this $\underline{\quad 31st \quad}$th day of August  2020.

Respectfully submitted,

/s/Angeli Murthy

Angeli Murthy, Esq., B.C.S.
FL Bar No.:  088758
MORGAN & MORGAN, P.A.
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail:  Amurthy@forthepeople.com
*Counsel for Plaintiff*

DocuSign Envelope ID: FD989BEB-2B58-46B0-B9DD-C2AF112C34D6

## **VERIFICATION**

I, **ROBERT SAWALL**, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this amended complaint are true and correct bases on my personal knowledge.

Dated: 8/18/2020

*Robert Sawall*
_____
**ROBERT SAWALL**