**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

Case No.: 2:20-cv-14304

ROBERT SAWALL, for himself and on
behalf of those similarly situated,

      **Plaintiffs,**

v.

NAT'L RETAIL MERCHANDISING, LLC,
A/K/A NATIONAL RETAIL MERCHANDISING, LLC,
D/B/A ATLANTIC COAST MERCHANDISING,
and CHRISTOPHER M. DESANTIS, Individually,

      **Defendants.**

_____/

**JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT**
**AND STIPULATION OF DISMISSAL WITH PREJUDICE**

The Parties, Plaintiff, Robert Sawall, and Defendants, National Retail Merchandising, LLC, d/b/a Atlantic Coast Merchandising and Christopher M. Desantis, by and through their undersigned counsel, hereby file this Joint Motion for Approval of Parties' Settlement Agreement and Stipulation for Dismissal with Prejudice (the "Motion") in this Fair Labor Standards Act case, with the Court reserving jurisdiction to enforce the terms of the settlement agreement, and in support state the following:

1.     Plaintiff filed the underlying action on August 31, 2020 alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA") *See* ECF No. 1.

2.     Plaintiff alleges that, during his service with Defendants as a 1099 independent contractor, he was misclassified as exempt from the overtime provisions of the FLSA and worked overtime hours for which he was not compensated. *See id.*

1

3.     Defendants deny that Plaintiff was misclassified under the terms of the FLSA; that Mr. Desantis is an "employer" under the FLSA; assert that Plaintiff was properly compensated for all hours worked; and deny that they violated the FLSA or any other federal or state statutory or common law, rule, or regulation, and further deny that they engaged in any wrongdoing whatsoever.

4.     Notwithstanding the foregoing, to avoid the costs and uncertainty of litigation, the Parties have, through their counsel, negotiated a fair and complete settlement of Plaintiff's FLSA claims (the "Settlement Agreement").  The Parties' settlement provides for full and complete relief as to Plaintiff's claims, consideration for a general release, and for reasonable attorneys' fees and costs, which were negotiated separately from Plaintiff's claims. A copy of the Parties' settlement agreement is attached hereto as **Exhibit A**.

**MEMORANDUM OF LAW**

I.     **LEGAL FRAMEWORK**

    A.     **The Settlement Agreement Constitutes a Fair and Full Settlement of Plaintiff's FLSA Wage Claims**

There are two ways in which a compromise of a claim under the FLSA may be settled and released by employees.  First, Section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b), an employee[1] may settle and release FLSA claims against if the parties present the court with a proposed settlement and the court

---

[1] Defendants deny that Plaintiff was misclassified as an independent contractor; however, in an effort to accurately recite applicable legal standards, the parties will occasionally utilize the term "employee" for purposes of the instant motion, only.

enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). The Eleventh Circuit has stated that the circumstances justifying court approval of an FLSA settlement in a litigation context are as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004) (there is a "strong presumption in favor of finding a settlement fair) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair.")

The settlement of the instant action involves the precise situation in which the Court may approve the Parties' settlement in order to resolve and release Plaintiff's FLSA wage claim. The proposed settlement arises out of an action brought by the Plaintiff against Defendants and which action is adversarial in nature. During the litigation and settlement of this action, Plaintiff was and is represented by experienced counsel.

The Parties' settlement of the FLSA wage claim is the result of their *bona fide* compromise on a variety of disputes of law and fact, including, without limitation: (a) whether Plaintiff was properly classified under the FLSA; (b) whether Plaintiff worked any compensable time without compensation; (c) whether Plaintiff could prove that he worked any hours for which he was not properly compensated: (d) whether Defendants' good faith defenses justified any alleged violations of FLSA;  and (e) whether one or more of the Defendants were Plaintiff's employer under the FLSA.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of these disputed issues. The Parties engaged in detailed settlement discussions through their respective counsel, during which they discussed the viability of Plaintiff's claims and formulated their own proposed settlement figures. Without admitting that Plaintiff worked overtime hours for which he was not compensated, Defendants conducted an extensive review of Plaintiff's time and pay records to determine the number of overtime hours that Plaintiff had historically worked and for which he received compensation, and calculated proposed settlement figures that fully compensated Plaintiff for the average of those hours from the date Plaintiff claims he was improperly classified through the time of his termination.  Significantly, although Defendants did not appear or file an answer in this action, they voluntarily provided extensive pay and time records to Plaintiff's undersigned counsel, so that the Parties could engage in fulsome and meaningful settlement discussions.  As such, counsel for both Parties did significant work in reviewing pay and time records, preparing calculations, and discussing claims and defenses.  The Parties continued to engage in settlement discussions based upon their independent calculations. After over four weeks of involved and arms-length negotiations, the Parties were able to reach an amicable resolution, acceptable to all Parties to the litigation.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during these negotiations and agree that the terms of the settlement are fair and equitable under the circumstances. The Parties likewise agree that the settlement adequately compensates Plaintiff for any potential wage claims, and for the release signed by the Plaintiff.  Plaintiff was counseled and represented by his attorneys throughout the litigation and settlement process, and the Settlement Agreement has been signed by all Parties.

### B.    The Settlement Agreement Provides for Reasonable Attorneys' Fees and Costs to Plaintiff's Counsel

In addition to determining whether the Settlement Agreement provides for a fair settlement of Plaintiff's wage claims, the Court must also assess the reasonableness of the allocation of attorneys' fees and costs to Plaintiff's counsel as contained in the Settlement Agreement.  *See Karow*, 2015 U.S. Dist. LEXIS 84092, at *3-4; *see also Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259, 1262 (M.D. Fla. 2008) ("the intent to ensure a reasonable attorney's fee and just compensation to Plaintiff is embodied in *Lynn's Food Stores* . . . and is stated in the FLSA itself . . . . [Where] there is a settlement amount of which Plaintiffs will take what is not given to the attorneys, the need to protect Plaintiffs' recovery also includes the need to ensure attorney's fees are reasonable.").

However, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009).

The attorney's fees and costs agreed upon to be paid by Defendants under the Parties'

settlement were never (and are not) a percentage of any total recovery in this case such that there is no correlation between the amount of monetary consideration being paid to Plaintiff and the amount of attorneys' fees and costs being paid by Defendants on Plaintiff's behalf.  *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985).  Rather, Plaintiff's attorney's fees and costs in this case are separate and apart from the amounts to be paid to Plaintiff under the Parties' Agreement, and the amounts being paid to Plaintiff under the Parties' settlement were negotiated based upon the value of all of the claims asserted, including the overtime wages claimed by Plaintiff, with Plaintiff's attorney's fees and costs reviewed and negotiated separately. As the Middle District of Florida explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to her attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the Parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach." 2009 U.S. Dist. LEXIS 68075 at *15-16. Here, Defendants have agreed to pay to resolve all of Plaintiff's claims for attorney's fees and costs incurred in this action. Defendants agree and acknowledge that the sums to be paid by them under the Settlement Agreement for Plaintiff's attorney's fees and costs are reasonable based upon the circumstances herein, and the amounts to be paid by Defendants satisfies any and all amounts Plaintiff owed to his attorney.

**II.   CONCLUSION**

      **WHEREFORE**, the parties respectfully request that the Court enter an Order: (1)

approving the terms of the Settlement Agreement, (2) dismissing this action with prejudice, and

(3) reserving jurisdiction to enforce the terms of the parties' Settlement Agreement.

Respectfully submitted on: December 7, 2020.

**Morgan & Morgan, PA**
8151 Peters Road, Suite 4000
Plantation, Florida  33324
Tel: 954.318.0268
Fax: 954.327.3016

*/s/ Angeli Murthy*
Angeli Murthy, Esq. B.C.S (FBN 088758)
Amurthy@forthepoeple.com

*Counsel for Plaintiff*

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Tel: 954.728.1280
Fax: 954.728.1282

*/s/ Andrea S. de Oña*
Jonathan A. Beckerman, Esq. (FBN 568252)
Jonathan.Beckerman@lewisbrisbois.com
Andrea S. de Oña, Esq. (FBN 1015968)
Christopher.Perre@lewisbrisbois.com

*Counsel for Defendants*