UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-14304-CV-MIDDLEBROOKS

ROBERT SAWALL,

    Plaintiff,

v.

NAT'L RETAIL MERCHANDISING, LLC, et al.,

    Defendants.

_____/

## ORDER APPROVING SETTLEMENT AND DISMISSING CASE

THIS CAUSE comes before the Court upon the Parties' Joint Motion for Approval of Parties' Settlement Agreement and Stipulation of Dismissal with Prejudice, filed on December 7, 2020. (DE 18). Plaintiff initiated this action on August 31, 2020, alleging violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (DE 1). The Parties now advise the Court that they have settled all claims in this action and move for dismissal. (DE 18).

When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be bona fide disputes as to FLSA coverage and therefore a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354.

Having reviewed the Motion and the exhibit attached thereto, and the Court being otherwise fully advised in the premises, the Court finds that the Parties' Settlement Agreement ("Settlement Agreement") (DE 18-1) reflects a reasonable compromise over contested litigation to resolve bona fide disputes under the FLSA.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) The Parties' Motion (DE 18) is **GRANTED**.

(2) The Court **APPROVES** the Settlement Agreement (DE 18-1)—including the settlement amount for attorneys' fees and costs—as a fair, adequate, and reasonable settlement of the claims at issue.

(3) This action is **DISMISSED WITH PREJUDICE**.

(4) The Clerk of Court shall **CLOSE THIS CASE**.

(5) All pending motions are **DENIED AS MOOT**.

(6) Pursuant to the Parties' request, this Court will retain jurisdiction to enforce the terms of their Settlement Agreement. Jurisdiction will be retained for a period of six months.

**SIGNED** in Chambers at West Palm Beach, Florida, this 10th day of December, 2020.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record